```
UNITED STATES DISTRICT COURT
   DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Rickey Howell,                     ) | C/A Nos. 4:09-2915; 4:09-2917-RBH-TER |
|                                    ) | |
|        Plaintiff,                  ) | |
|                                    ) | |
| vs.                                ) | |
|                                    ) | |
|                                    ) | |
| Newberry County Jail,              ) | |
|        Defendants.                 ) | |
| _____     ) | **ORDER** |
|                                    ) | |
| Michael Henson,                    ) | |
|                                    ) | |
|        Plaintiff,                  ) | |
|                                    ) | |
| vs.                                ) | |
|                                    ) | |
|                                    ) | |
| Newberry County Jail,              ) | |
|                                    ) | |
|        Defendants.                 ) | |
| _____     ) | |

These two cases are before the Court because of each Plaintiff's failure to comply with this Court's Order dated November 9, 2009, which Order was made applicable to all fourteen cases that were opened at the same time as these four cases.

A review of the record in each of the cases covered by this Order indicates that each Plaintiff was directed to submit items needed to render that Plaintiff's case into proper form within twenty days, and each Plaintiff was specifically informed that if he failed to do so, this case would be dismissed *without prejudice*. Each Plaintiff was also directed to inform this Court if his address changed from the one provided when the cases were filed.

The mail in which the November 9, 2009 Order was sent to each Plaintiff at the address

provided when the cases were filed was returned to the Court bearing a stamp indicating "not at this facility." Thus, it is appears that both Plaintiffs were released from the custody of the Newberry County Detention Center between the time these cases were filed and the mailing of the initial Order in the cases. No forwarding addresses were provided on the returned envelopes. The Court has not received notification of change of address from either Plaintiff, and searches of the South Carolina Department of Corrections and Federal Bureau of Prisons internet inmate locators did not show them in custody of either of those prison systems. Without means to stay in contact with the Plaintiffs in order to move these cases forward, this Court cannot allow the cases to stay on its active docket.

Plaintiffs' failure to provide the Court with forwarding addresses for themselves when they were released from Newberry County custody or to contact the Court to inquire into the status of their cases indicates an intent to not continue prosecuting this case, and subjects each of these cases to dismissal. *See* Fed. R. Civ. P. 41(b)(district courts may dismiss an action if a plaintiff fails to comply with "any order of the court."); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)(dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)(court may dismiss *sua sponte*).

Accordingly, these two cases are dismissed *without prejudice*. The Clerk of Court shall close the files.[1]

    IT IS SO ORDERED.                                 s/ R. Bryan Harwell

                                                                R. Bryan Harwell
                                                                United States District Judge

Florence, South Carolina
December 3, 2009

---

[1] Under General Order, Misc. No. 3:07-5014-JFA, this dismissal *without prejudice* does *not* count as a "strike" for purposes of the "three strikes" provision of 28 U.S.C. § 1915(g). If either Plaintiff wishes to bring this action in the future, he should obtain new forms for doing so from the Clerk's Office in Columbia (901 Richland Street, Columbia, South Carolina 29201).